HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>NOP VAN LAM,<br><br>　　　　　Defendant/Petitioner. | CASE NO. CR09-5641RBL<br><br>CV10-5851RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled court upon Defendant's Motion pursuant to 28 U.S.C. § 2255.  Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

The defendant, together with co-defendant Toan Tran, was charged in 2009 with Conspiracy to Distribute Ectasy in violation of 18 U.S.C. § 841(a)(1), 841(b)(1)(C), and 846. His co-defendant was also charged with Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A).  The defendant pled guilty to the charge on November 5, 2009 pursuant to a written plea agreement.  Tran pled guilty on the same day to both the drug and firearm charges.  On March 12, 2010 both were sentenced.  The

1   defendant was sentenced to 108 months in custody.  Tran was sentenced to 36 months on the

2   drug count and 60 months consecutive on the firearm count.

3        On November 15, 2010 the defendant filed the instant motion pro se.  It originally raised

4   nine separate issues.  Because the issues raised included multiple allegations of ineffective

5   assistance of counsel, the Government sought an Order from this Court ruling that defendant

6   waived the attorney-client privilege and directing trial counsel to submit a declaration regarding

7   her communications with the defendant.  The Court appointed new counsel to represent the

8   defendant in this § 2255 motion.

9        The defendant, through counsel, withdrew seven of the claims which obviated the need

10  for testimony from prior counsel.  The Court thereafter denied the Government's motion on

11  attorney-client privilege.  The two remaining claims are:  (1) the Court imposed a disparate

12  sentence from that of his co-defendant without giving due consideration to the sentencing factors

13  enumerated in 18 U.S.C. § 3553(a), and, (2) counsel was ineffective by failing to request

14  alternatives to total confinement including home detention and/or enrollment in RDAP.

15  **II. DISCUSSION**

16       In defendant's first ground for relief, he alleges the Court did not give due weight to the §

17  3553(a) factors.  He did not directly appeal his sentence.  Non-constitutional sentencing errors

18  that have not been raised on direct appeal are waived and generally are not reviewable by way of

19  § 2255.  *United States v. Schleshinger*, 49 F.3d 483, 485 (9th Cir. 1994).  Furthermore, his

20  counsel did raise, and this Court did consider, the potential disparity between his sentence and

21  that of his co-defendant.  Sentencing Transcript, p. 3.  His motion as to ground one, shall be

22  **DENIED**.

23

24

ORDER- 2

1       In defendant's second ground for relief he alleges that his attorney at sentencing rendered
2 ineffective assistance of counsel in that she did not request alternatives to total confinement
3 including home detention and/or enrollment in RDAP.
4       The defendant's claim that he should be re-sentenced because he received ineffective
5 assistance of counsel is evaluated under the standard articulated by the Supreme Court in
6 *Strickland v. Washington*, 466 U.S. 668 (1984).  To establish constitutionally ineffective
7 assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance
8 was deficient," and (2) counsel's "deficient performance prejudiced the defense."  *Id.*, at 687.  To
9 show that counsel's performance was deficient, defendant must show that "counsel's
10 representation fell below an objective standard of reasonableness," *id.*, at 688.  This Court's
11 "scrutiny of counsel's performance must be highly deferential[ ]" and the Court "must indulge a
12 strong presumption that counsel's conduct falls within the wide range of reasonable professional
13 assistance."  *Id.*, at 689.  To establish prejudice, the defendant must show "that counsel's errors
14 were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable[,]" *id.*, at
15 687, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result
16 of the proceedings would have been different."  *Id.*, at 694.
17       Defendant's claim fails.  A review of the law and sentencing transcript reveals that any
18 request for a "split-sentence" would have been fruitless.  First, a "split-sentence" is not available
19 to the defendant.  *See* U.S.S.G. § 5C1.1(f).  Second, the Court made clear to the defendant (as the
20 defendant himself acknowledges) that the Court considered the defendant to have wasted his
21 opportunity to turn his life around after his probationary sentence for his prior ectasy conviction.
22 Sentencing Transcript, p. 18.  The Court determined that "Mr. Lam is not here because he made

ORDER- 3

1   a mistake.  Mr. Lam is here because he is a criminal, and his conduct is deserving of the harshest

2   of penalties." *Id*.

3         As to counsel's failure to request that the Court recommend that the defendant participate

4   in RDAP, the Presentence Report indicates that while the defendant used drugs, he had never

5   been in treatment and told the probation officer that he didn't believe he needed treatment.

6   Counsel's failure to request something that the defendant didn't want is not in this context,

7   deficient performance.  Defendant's motion as to ground two, shall be **DENIED**.

8         The underlying theme of defendant's motion is that he wishes to be resentenced to a more

9   favorable sentence.  This the Court cannot do.  *See* Fed. R. Crim. P. 35; 18 U.S.C. § 3582;

10   *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1029 (9th Cir. 1999).

11         Defendant's Motion pursuant to 28 U.S.C. § 2255 is **DENIED.**

12         **IT IS SO ORDERED.**

13         The Clerk shall send uncertified copies of this order to all counsel of record, and to any

14   party appearing pro se.

15         Dated this 13th day of October, 2011.

                        /s/ Ronald B. Leighton

                        RONALD B. LEIGHTON
                        UNITED STATES DISTRICT JUDGE

ORDER- 4